

IN THE COMMON PLEAS COURT OF GREENE COUNTY, OHIO
CIVIL DIVISION

**2019CV0447**

| | | |
|---|---|---|
| **Stacy L. Leitch** | : | CASE NO._____ |
| 1640 Miami Avenue | : | |
| Fairborn, OH 45324 | : | JUDGE: ___JUDGE BUCKWALTER___ |
| Plaintiff, | : | |
| vs. | : | **COMPLAINT FOR PERSONAL INJURIES WITH JURY DEMAND ENDORSED HEREON** |
| **Walmart, Inc.** | : | |
| c/o CT Corporation System | : | |
| 4400 Easton Commons Way | : | |
| Suite 125 | : | |
| Columbus, OH 43219 | : | |
| Defendants. | : | |

## FIRST CLAIM FOR RELIEF

1. Defendant, Walmart, Inc., operates a store open to the general public and located at 3360 Pentagon Boulevard, City of Beavercreek, Greene County, Ohio.

2. On or about July 22, 2017, Plaintiff, Stacy L. Leitch, (hereinafter "Plaintiff"), who was a business invitee at the aforementioned Walmart, Inc., was injured as a result of a slip and fall, the proximate cause of which was a dangerous and hazardous condition created by Defendant, Walmart, Inc., and/or its agents and/or employees, and/or known by them to exist, to wit: milk on the floor by the registers.

3. At all relevant times herein, Defendant, Walmart, Inc., employees and/or agents were acting within the course and scope of their employment and/or agency with Walmart, Inc., as employees and/or independent contractors and/or maintenance personnel, Defendant is therefore vicariously liable.

4. Defendant's employees and/or agents have a duty to complete work assigned to them in a reasonably safe manner and to exercise reasonable caution/care when completing work so as to not cause injury to patrons/business invitees of the property.

5. Defendant have a duty to exercise reasonable care and to work in a manner consistent with the standard operation of a public store, including supervision of employees

and/or agents, inspection of the premises and elimination of dangers in connection with the work of its employees and/or agents.

6. Defendant was negligent in the manner which it conducted its work, in that it recklessly, carelessly and negligently created and/or maintained a dangerous condition known by it to exist, or one that should have been known to exist, to wit: milk on the floor by the registers.

7. Defendant's failure to train and/or supervise said employees and/or agents caused and/or substantially contributed to the negligence cited above.

8. Defendant has a duty to operate its public store in a reasonably safe manner, to inspect its public store in a manner designed to discover dangerous and hazardous conditions, and to provide a warning to the public regarding the existence of dangerous and hazardous conditions, especially those that are known to Defendant by and through its managers.

9. Defendant was negligent in the operation, maintenance, and care of its public store in that it unreasonably and unnecessarily created a dangerous and hazardous condition and/or allowed such condition to exist, to wit: milk on the floor by the registers.

10. Defendant was negligent in the operation, maintenance, and care of its public store in that it failed to properly design, construct, or erect caution signs or otherwise warn the public generally, and Plaintiff, specifically, of hazardous conditions resulting from milk on the floor.

11. Defendant was negligent in that it failed to conduct any regular inspection of its public store, thereby failing to discover and correct/repair the defective condition which presented a hazard to the public, generally, and Plaintiff, specifically.

12. As the proximate result of the negligence of Defendant, Plaintiff, sustained injuries and damages as follows:

    a. Severe and permanent injuries;

    b. Great pain and suffering, both physical and emotional, and loss of ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;

    c. Reasonable and necessary medical expenses in excess of $24,973.34, as well as further medical expenses to be incurred in the future;

    d. Lost wages in an amount to be determined.

13. The aforesaid negligence of Defendant, Walmart, Inc. and/or its agents and/or employees was the direct and proximate cause of the injuries and damages to Plaintiff.

**WHEREFORE**, Plaintiff, Stacy L. Leitch, demands judgment against the Defendant, Walmart, Inc., in an amount in excess of $25,000.00, plus any additional relief Plaintiff is or shall be entitled.

Respectfully submitted,

Kenneth J. Ignozzi (0055431)
Attorney for Plaintiff
Dyer, Garofalo, Mann, & Schultz
131 N. Ludlow Street, Suite 1400
Dayton, OH 45402
Tel: (937) 223-8888; Fax: (937) 824-8630
Email: kignozzi@dgmslaw.com

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

Respectfully submitted,

Kenneth J. Ignozzi (0055431)
Attorney for Plaintiff
Dyer, Garofalo, Mann, & Schultz
131 N. Ludlow Street, Suite 1400
Dayton, OH 45402
Tel: (937) 223-8888; Fax: (937) 824-8630
Email: kignozzi@dgmslaw.com