# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STACY L. LEITCH, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:19-cv-235 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| WAL-MART, INC., | : | |
| | : | |
| Defendant. | : | |

---

### ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 14)

---

This is a case concerning spilled milk. Plaintiff Stacy L. Leitch ("Leitch") was shopping with her daughter in a store operated by Defendant Wal-Mart, Inc. ("Wal-Mart"). According to Leitch, as she approached the register area at the front of the store, she slipped on some milk and fell to the floor, causing her to sustain injuries. Leitch claims that Wal-Mart was negligent.

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. 14) (the "Motion"), filed by Wal-Mart. Wal-Mart argues that, "[b]ased upon Plaintiff's deposition testimony, there is no question of fact in this case that the condition Plaintiff allegedly slipped on was open and obvious," so therefore Wal-Mart owed her no duty under the circumstances regarding the hazard and is entitled to judgment as a matter of law. (Doc. 14 at PAGEID # 108.) Leitch filed a Response to the Motion, in which she argues that there is a genuine issue of material fact regarding whether the hazard on Wal-Mart's floor was open and obvious, so therefore the Motion should be denied. (Doc. 15.) Wal-Mart filed a Reply in support of the Motion. (Doc. 16.) The Motion is fully briefed and ripe for review. For the reasons discussed below, the Court **DENIES** the Motion.

1

I.  **BACKGROUND** [1]

On July 22, 2017, Leitch and her daughter went to Wal-Mart's store to purchase a cell phone. After purchasing the phone in the electronics section near the back of the store, they walked in an aisle to the front of the store on the way to exit. They took a straight path. Leitch looked ahead of her, down and back up, watching where she was walking. Unbeknownst to her, there was a puddle of milk on the tiled floor in a portion of the aisle between a checkout counter and a row of shelved plastic bins. Neither Leitch nor her daughter saw the milk on the floor as they approached it (and they did not see anyone spill the milk). There was no wet floor sign or milk jug present either. Leitch stepped in the milk, slipped, fell, and injured herself. Only after she had fallen and was sitting in milk did she see the milk and realize that she had slipped in it. Leitch was helped up by her daughter and the store manager.

Leitch testified that if she had seen the milk, then she "wouldn't have walked in it." (Doc. 12 at PAGEID # 67.) She also testified that she would "have to say that a whole gallon [of milk] must have spilled," although she did not know for sure how much had spilled. (*Id.* at PAGEID # 67-68.) At her deposition, Leitch was shown a photograph that she acknowledged looks like the area in which she fell, although an "orange cone" at the top of the picture was not present at the time of her fall. (*Id.* at PAGEID # 69; Doc. 13-4 at PAGEID # 105.)

Leitch originally filed the Complaint in an Ohio state court. (Doc. 3.) Pursuant to 28 U.SC. § 1446, Wal-Mart removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) Following the close of discovery, Wal-Mart filed the Motion presently pending before the Court. (Doc. 14.)

---

[1] For purposes of resolving the Motion, the recitation in the "Background" section includes undisputed facts and otherwise assumes the evidence of the non-moving party (Leitch) as true and draws all reasonable inferences in her favor, as is appropriate at this stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

2

## II. LEGAL STANDARDS FOR SUMMARY JUDGMENT

### A. Applicable Law for Removed Actions

"[T]he Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal." *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 435 (6th Cir. 2016). And, although federal procedural law applies, federal courts apply state substantive law in cases where the federal court is exercising supplemental or diversity jurisdiction over state law claims. *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 573 (6th Cir. 2008); 28 U.S.C. § 1652. Thus, Ohio law governs Leitch's claim, and the Court "must apply the State's law as announced by its highest court." *Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019). "If the Ohio Supreme Court has not provided guidance on the issue at hand, [then the Court] may consider the decisions of the State's courts of appeals, relevant dicta from the Ohio Supreme Court, as well as other sources…." *Id.*

### B. Federal Rule of Civil Procedure 56

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate

3

the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the nonmoving party, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

"[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Id.* at 255; *Matsushita*, 475 U.S. at 587. However, the mere existence of a scintilla of evidence in support of the nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id*. The inquiry, then, is whether reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Id*.

In ruling on a motion for summary judgment, "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). The Court relies on the Rule 56 evidence called to its attention by the parties. *See* Fed. R. Civ. P. 56(c), (e).

### III. ANALYSIS

#### A. Negligence Claim Elements and the Open-and-Obvious Doctrine Under Ohio Law

A cause of action for negligence under Ohio law has three elements: "(1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." *Armstrong v. Best Buy Co.*, 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, 1090 (Ohio 2003). Regarding the first element, "[a] shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Id.* at 1089. However, "a shopkeeper is under no duty to protect business invitees from dangers which [1] are known to such invitee or [2] are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St. 3d 203, 480 N.E.2d 474, 475 (Ohio 1985) (internal quotation marks omitted). In line with the latter portion of that statement, the open-and-obvious doctrine "states that a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious." *Armstrong*, 788 N.E.2d at 1089.

Thus, the open-and-obvious doctrine "concerns the first element of negligence law, the existence of a duty." *Armstrong*, 788 N.E.2d at 1090. When applicable, the doctrine "obviates the duty to warn and acts as a complete bar to any negligence claims." *Id.* Its rationale "is that the open and obvious nature of the hazard itself serves as a warning" to persons entering the premises. *Id.* at 1089 (internal quotation marks removed). "Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Id.*; *see also Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 724-25 (6th Cir. 2012) ("[r]egardless of an entrant's status, a landowner has no duty to warn her of 'open and obvious' dangers and is thus not liable for any injuries resulting from such dangers") (citing *Armstrong*, 788 N.E.2d at 1089-90).

5

The Ohio Supreme Court in *Armstrong* clarified that the open-and-obvious doctrine "properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it." *Armstrong*, 788 N.E.2d at 1091. "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability." *Id.* "Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." *Id.*

"A danger is open and obvious if it is reasonably observable and thus would be seen by someone acting with ordinary care under the circumstances; the plaintiff need not actually have seen it." *Andler*, 670 F.3d at 725 (citing Ohio law) (internal quotation marks omitted). "The observability determination depends upon the particular circumstances surrounding the hazard and is extremely fact-specific." *Id.* (internal citation and quotation marks omitted); *see also, e.g., Armstrong*, 788 N.E.2d at 1092 (determining that the rail plaintiff tripped over was an open-and-obvious danger as a matter of law); *Middleton v. Meijer, Inc.*, 2010-Ohio-3244, 2010 Ohio App. LEXIS 2747, 2010 WL 2706303 (Ohio Ct. App. 2010) (determining that the spilled laundry detergent that plaintiff slipped on was not an open-and-obvious danger as a matter of law; concluding that "a jury could find from the plaintiff's evidence that the laundry detergent was not an open and obvious danger to the plaintiff"); *Elson v. Wal-Mart Stores, Inc.*, No. 2:15-cv-2500, 2017 U.S. Dist. LEXIS 65031, 2017 WL 1546883, at *3-4 (S.D. Ohio Apr. 28, 2017) (declining to grant summary judgment on the ground that defendant did not owe a duty to plaintiff where, construing the evidence in the light most favorable to the plaintiff, a reasonable juror could conclude that the hazard would not be readily observable to a customer exercising ordinary care). Depending on the particular facts and circumstances of each case, whether a condition is an open and obvious danger may—or may not—be appropriate for determination on a motion for summary

judgment. *See id.*; *Gordon v. Dollar Gen. Corp.*, No. 2:18-cv-939, 2020 U.S. Dist. LEXIS 148839, 2020 WL 4784659 (S.D. Ohio Aug. 18, 2020) (granting motion for summary judgment where condition was an open and obvious danger under the facts and circumstances); *Hernandez-Butler v. IKEA U.S. East, LLC*, 435 F. Supp. 3d 816, 823 (S.D. Ohio 2020) (denying motion for summary judgment where a jury question remained as to whether the condition was an open and obvious danger, and explaining that "[w]here reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine," "[b]ut if a court determines that a jury would necessarily conclude that the hazard was open and obvious, [then] summary judgment is appropriate, as the premises owner has no duty").

### B. **Application**

The sole argument presented by Wal-Mart in the Motion is that the puddle of milk was an open and obvious danger and, therefore, Wal-Mart owed no duty to Leitch regarding the hazard, so it is entitled to summary judgment on Leitch's claim. (Docs. 14, 16.) Wal-Mart states that "the large puddle of milk was capable of being observed, which is itself, a warning." (Doc. 14 at PAGEID # 111.) Wal-Mart bases this statement on Leitch's deposition testimony and photographs that Wal-Mart says were taken after her fall. Wal-Mart asserts that "the spillage on the floor was open and obvious as a matter of law, because, by Plaintiff's own admission, it was observable and in a place where Plaintiff should have been looking, and Plaintiff would have seen the spillage and avoided it had she been looking." (*Id.* at PAGEID # 112.) Wal-Mart also asserts that "the photographs of the area … objectively demonstrate a visible spill of milk." (Doc. 16 at PAGEID # 128.)

Leitch counters that genuine issues of material fact remain regarding how large the spill was and "whether the hazard of the white substance on the white floor was actually observable," so therefore summary judgment is not appropriate. Leitch asserts that, "[w]hen the white color of

7

the milk is taken in context of the white flooring, the puddle is concealed" and, thus, "any reasonably prudent person would be unlikely to discern the white liquid from a white tile floor." (Doc. 15 at PAGEID # 122.)

The Court first addresses Walmart's assertion that Leitch "admitted at her deposition that if she had been looking down at the floor, she would have seen the puddle of spilled milk that she allegedly slipped on and avoided it." (Doc. 14 at PAGEID # 107 (citing Doc. 12 at PAGEID # 69).)  If that was true, then it would present a scenario similar to the *Armstrong* case, where the Ohio Supreme Court affirmed summary judgment for the defendant store based, in part, on the fact that the plaintiff admitted "that had he been looking down, he would have seen the" hazard.[2] *Armstrong*, 788 N.E.2d at 1092.  However, the deposition transcript does not support Wal-Mart's assertion; instead, Leitch simply testified that if she had seen the milk on the floor before the fall then she would not have walked through it.[3] (*See* Doc. 12 at PAGEID # 69; *see also id.* at PAGEID # 67 ("Q.  … Did you see milk prior to your fall?  A.  No.  If I would have seen it, I wouldn't have walked in it.").)

The Court also disagrees with Wal-Mart's claim that Leitch admitted the spill "was observable and in a place where [she] should have been looking, and [she] would have seen the spillage and avoided it had she been looking." (Doc. 14 at PAGEID # 112.)  Leitch did not make such an admission.  She testified that she was looking straight, down, up, and around while

---

[2] The other basis for the Ohio Supreme Court's decision in *Armstrong* was that, "in viewing the photographs supplied by both parties, [the Ohio Supreme Court found] that as a matter of law, the rail in question [i.e., the hazard] was visible to all persons entering and exiting the store." *Armstrong*, 788 N.E.2d at 1092.  Yet here, as shown later in this Order, the photographs supplied by Wal-Mart do not support finding, as a matter of law, that the spilled milk was visible to all persons entering the area.

[3] Wal-Mart uses its assertion to argue that the alleged "admission" also makes this case similar to the scenario in *Stiles v. Marc Glassman, Inc.*, 2015-Ohio-1438, 2015 Ohio App. LEXIS 1391, 2015 WL 1651236 (Ohio Ct. App. 2015).  However, not only does the Court disagree with Wal-Mart's assertion, but *Stiles* actually did not address the open-and-obvious danger issue. *Stiles*, 2015 WL 1651236, at *4 ("We have declined to address the merits of the trial court's finding that the open and obvious nature of the hazard at issue bars a negligence claim").

walking, that she did not see the milk, and that she only realized she had slipped on milk once she was sitting in it and it was all over her dress.[4] (Doc. 12 at PAGEID # 66-67.) Additionally, "[a]lthough a pedestrian must use ordinary care in evaluating the safety of her surroundings, an individual is not required, as a matter of law, to constantly look downward while walking." *Andler*, 670 F.3d at 725 (citing Ohio law) (internal quotation marks omitted).

Having surveyed a number of Ohio cases, it is apparent that a hazard's color and the color of its surroundings may be relevant to whether the hazard is open and obvious, but that information is not necessarily determinative of the issue by itself. *See, e.g., Middleton*, 2010 WL 2706303, at *1, 4 (involving a puddle of clear laundry detergent on a light-colored floor); *Cintron-Colon v. Save-A-Lot*, 2014-Ohio-4574, 2014 Ohio App. LEXIS 4487, 2014 WL 5306788 (Ohio Ct. App. 2014) (involving a puddle of bright yellow liquid on a white floor); *see also Elson*, 2017 WL 1546883, at *4 (collecting cases and stating that, "[i]n slip and fall cases, Ohio courts analyzing whether a hazard is open and obvious routinely consider whether the hazard blends in with the surroundings given its location and color"). Here, the photograph that Leitch identified as looking like the area in which she fell shows that the spilled milk and the tile flooring on which the milk was spilled are very similar in color. (Doc. 13-4 at PAGEID # 105.) The photograph also demonstrates that it is difficult to distinguish the milk from the tile. (*Id.*)

The photograph and Leitch's deposition testimony supports that there is a genuine issue of material fact regarding whether the spill was an open and obvious danger. Based on the evidence presented, reasonable jurors certainly could find that the spilled milk was not "reasonably observable," i.e., that it would not "be seen by someone acting with ordinary care under the

---

[4] Unlike the *Smith* case relied on by Wal-Mart, there is no evidence here that Leitch said she "could see this … hazard from ten feet away." *Smith v. Kroger Co.*, 2011-Ohio-1871, 2011 Ohio App. LEXIS 1591, 2011 WL 1458667, at *2 (Ohio Ct. App. 2011).

circumstances." *Andler*, 670 F.3d at 725; *see also Elson*, 2017 WL 1546883, at *3-4; *Szerszen v. Summit Chase Condos.*, 2010-Ohio-4518, 2010 Ohio App. LEXIS 3815, 2010 WL 3722637, at *4 (Ohio Ct. App. 2010) ("[i]f one is able to view a condition only if he or she is looking 'hard enough' and looking for 'that specific thing,' a genuine issue of material fact is raised as to whether the condition is open or obvious"); *Johnson v. Metrohealth Med. Ctr.*, 2007-Ohio-392, 2007 Ohio App. LEXIS 350, 2007 WL 274383, at *3 (Ohio Ct. App. 2007) (finding that reasonable minds could differ about the open and obvious nature of a four-foot-wide puddle of water on the floor). Thus, there is evidence on which the jury could reasonably find for Leitch on the issue of whether the danger was open and obvious. *Anderson*, 477 U.S. at 252; *Armstrong*, 788 N.E.2d at 1090-91. Summary judgment is not appropriate in this case. Fed. R. Civ. P. 56.

## IV. CONCLUSION

The Court finds that, after reviewing the evidence submitted by the parties and construing the evidence in the light most favorable to Leitch, there is a genuine issue of material fact regarding whether the alleged puddle of milk was an open and obvious danger. Reasonable jurors could conclude that the hazard was not reasonably observable to a customer exercising ordinary care. For the reasons stated above, the Court **DENIES** Defendant's Motion for Summary Judgment (Doc. 14).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, December 17, 2020.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE